UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PERMANENT RESIDENCE, INC., et al.,

                 Plaintiffs,          **ORDER**

- v -

                                    CV-05-1004 (DLI)(VVP)

RBC VIDEO, INC., et al.,

                 Defendants.
-----------------------------------------------------------------x

      In letters dated April 27 and May 10, 2006, the defendants have sought a ruling concerning the relevance and admissibility in this action of events relating to another action against the defendant RBC Video, Inc., and have moved to disqualify the plaintiffs' counsel. In a letter dated July 10, 2006,[1] the plaintiffs have opposed the disqualification motion but not the relevance and admissibility ruling sought by the defendants. With the court's approval, the defendants have submitted a July 18, 2006 letter in reply. Upon review of those submissions, the court makes the rulings below.

      The relevance and admissibility ruling sought by the defendants concerns a prior action brought against the defendant RBC Video, Inc. entitled *Films By Jove, Inc., et al. v. RBC Video, Inc., et al.*, 05 CV 1316 (E.D.N.Y.). In that action, which involved allegations of video piracy similar to those made here, the plaintiffs were represented by the same counsel, Julian Lowenfeld, Esq., who has recently been substituted as the plaintiffs' counsel here. The action was apparently settled without any admission of liability. There appears to be no relationship between the incidents alleged in the *Films By Jove* action and the claims here, and the plaintiffs have offered no theory on which any of the matters relating to that action are relevant. Accordingly, the

---

[1] At a conference on June 12, 2006, the court entered a scheduling order which required the plaintiffs to submit opposition to the defendants' April 27 and May 10 letters by June 30, 2006. The plaintiffs' July 10, 2006 submission was thus ten days late. The explanation offered by the plaintiffs' counsel – i.e., he "forgot" the deadline – is not accepted by the court in view of the history of non-compliance by the plaintiffs' counsel with previous orders of the court. Indeed, counsel's previous non-compliance required the court to issue an order to show cause scheduling the June 12 conference at which the scheduling order was issued. It is becoming apparent to the court that sanctions are likely the only means of insuring the plaintiffs' compliance with future court orders, and sanctions should therefore be expected if the plaintiffs or their counsel again fail to comply with court orders.

defendants' request is granted and the court hereby orders that information concerning the *Films By Jove* action is inadmissible at any trial or other proceeding in this action.

The disqualification motion requires more analysis. Such motions have long been disfavored in this Circuit. *Lankler Siffert & Wohl, LLP v. Rossi*, 287 F. Supp. 2d 398, 403 (S.D.N.Y. 2003) (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791-92 (2d Cir. 1983) (enumerating reasons why disqualification motions are disfavored)). The reluctance to grant such motions stems in large measure "from the fact that disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and that disqualification motions are often interposed for tactical reasons." *Board of Ed. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2nd Cir. 1979). Thus, the courts require the movant to meet a "high standard of proof" concerning the facts supporting disqualification. *Evans*, 715 F.2d at 791 (quoting *Government of India v. Cook Industries, Inc.*, 569 F.2d 737, 739 (2d Cir. 1978)).

The defendants have not met their burden of proof for disqualification on the present record before the court. They rely on the so-called advocate-witness rule embodied in DR 5-102 of the Rules of Professional Responsibility, which prohibits an attorney from acting as counsel in a case if he "knows or it is obvious that the lawyer ought to be called as a witness on a significant issue." The defendants argue that the plaintiff's counsel ought to be called as a witness because of his involvement in a press conference at which video piracy was discussed and at which one of the plaintiffs here made statements that are the basis for the defendants' defamation counterclaim. As the press conference was recorded by videography, however, there is no need for the plaintiffs' counsel to serve as a witness to the content of the allegedly defamatory statements.[2] Whether the plaintiffs' counsel ought to be called as a witness to testify to surrounding circumstances and the intent of the plaintiff, as the defendants suggest, is not at all clear to the court at this point. After discovery has proceeded and the issues are sharpened, the question whether the plaintiffs' counsel ought to be called as a witness will perhaps become more apparent, in which case a disqualification of counsel may be appropriate. At this point, however,

---

[2]The court has reviewed portions of the DVD of the press conference supplied by counsel and has found nothing to indicate that the testimony of the plaintiffs' counsel is needed to establish anything that cannot be established through the recording.

the court does not find the "high standard of proof" necessary for the entry of an order disqualifying the plaintiffs' counsel.

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:  Brooklyn, New York
July 26, 2006